1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA

10 HUGO MORALES,                          )   CASE NO. CV 12-9793 UA (DUTYx)
                                         )
11                  Plaintiff,           )   ORDER SUMMARILY REMANDING
                                         )   IMPROPERLY-REMOVED ACTION
12          vs.                          )
                                         )
13 CLAUDIA CARDENAS SERRANO,             )
   ET AL.,                               )
14                                       )
                                         )
15                  Defendants.          )
                                         )
16

17

18          The Court remands this unlawful detainer action to state court summarily

19 because defendant Fernando Serrano ("Defendant") removed it improperly.

20          On November 15, 2012, Defendant, having been sued in what appears to be a

21 routine unlawful detainer action in California state court, lodged a Notice of Removal

22 of that action to this Court and also presented an application to proceed *in forma*

23 *pauperis*. The Court has denied the latter application under separate cover because

24 the action was not properly removed. To prevent the action from remaining in

25 jurisdictional limbo, the Court issues this Order to remand the action to state court.

26          Simply stated, Plaintiff could not have brought this action in federal court in

27 the first place, and Defendant does not competently allege facts supplying either

28 diversity or federal-question jurisdiction. Therefore, removal is improper. 28 U.S.C.

FILED
CLERK, U.S. DISTRICT COURT

DEC 10 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1 § 1441(a); *see Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.

2 Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship exists,

3 the amount in controversy does not exceed the diversity-jurisdiction threshold of

4 $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer

5 complaint recites that the amount in controversy does not exceed $10,000. Nor does

6 Plaintiff's unlawful detainer action raise any federal legal question. *See* 28 U.S.C.

7 §§ 1331, 1441(b).

8 Defendant is further notified and warned that any subsequent attempts to

9 remove the underlying state unlawful detainer action to this Court will be improper

10 and will constitute vexatious conduct that the Court will address by way of punitive

11 remedial measures, which may include having Defendant designated as a vexatious

12 litigant and barred from commencing any further removal actions with respect to the

13 underlying state unlawful detainer action.

14 Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the

15 Superior Court of California, County of Los Angeles, 111 North Hill Street, Los

16 Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28

17 U.S.C. § 1447(c); (2) that the clerk send a certified copy of this Order to the state

18 court; and (3) that the clerk serve copies of this Order on the parties.

19

20 IT IS SO ORDERED.

21

22 DATED: 12/10/12

23

24 _____

GEORGE KING

CHIEF JUDGE

25

26

27

28